# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRFD RESEARCH, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 14-313-GMS |
| HULU, LLC, | ) | |
| Defendant. | ) | |
| CRFD RESEARCH, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 14-314-GMS |
| NETFLIX, INC., | ) | |
| Defendant. | ) | |
| CRFD RESEARCH, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 14-315-GMS |
| SPOTIFY USA INC., | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY
LITIGATION PENDING *INTER PARTES* REVIEW**

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II. SUMMARY OF THE ARGUMENT .................................................................................... 3

III. STATEMENT OF FACTS ..................................................................................................... 4

   A. IPR Proceedings Provide A Rapid, Streamlined Process To Assess Patent Validity .......... 4

   B. CRFD's Only Business Is To Monetize Patents ................................................................. 4

IV. ARGUMENT .......................................................................................................................... 5

   A. A Stay Will Simplify The Issues Here ................................................................................ 5

   B. A Stay Will Not Unduly Prejudice Or Present A Clear Tactical Disadvantage To CFRD.. 7

      1. The Relationship Between The Parties Favors A Stay Because CRFD Is A Non-
Practicing Entity And Does Not Compete With Defendants ........................................... 7

      2. Timing Favors A Stay .................................................................................................. 8

      3. A Stay Of Litigation Is Appropriate Upon The Filing Of An IPR .................................. 9

   C. The Early Stage Of The Litigation Favors A Stay .............................................................. 9

V. CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Cases

*AIP Acquisition LLC v. Level 3 Comm'ns, LLC*, No. 12-617-GMS,
   D.I. 63, slip op. (D. Del. Jan. 9, 2014) ................................................................. *passim*

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-1107-GMS,
   2014 U.S. Dist. LEXIS 47430 (D. Del. Apr. 7, 2014) ..................................................7, 8

*Celorio v .On Demand Books LLC*, No. 12-821-GMS,
   2013 U.S. Dist. LEXIS 121449 (D. Del. Aug. 21, 2013) ............................................8, 9

*Cirrex Sys. LLC v. Verizon Servs. Corp.*, No. 13-921-GMS,
   D.I. 96, slip op. (D. Del. Oct. 1, 2014) .................................................................6, 7, 8, 9

*Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58 (3d Cir. 1985) ...........................................5

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ................................................................5

*Fresenius USA, Inc. v. Baxter, Intern., Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) ...............................8

*In re Bear Creek Techs.*, No. 12-2344-GMS, 2013 WL 378941 (D. Del. July 17, 2013) ............7

*Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 12-1744-GMS,
   2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013) .......................................................9

*Patlex Corp. v. Mossinghoff*, 758 F.2d 594 (Fed. Cir. 1985) .........................................................8

*Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, No. 12-1461-LPS,
   2014 U.S. Dist. LEXIS 61555 (D. Del. Jan. 15, 2014) .....................................................9

*SunPower Corp. v. PanelClaw, Inc.*, No. 12-1633-GMS,
   D.I. 43, slip op. (D. Del. May 16, 2014) ..................................................................5, 6, 9

*Walker Digital v. Google Inc.*, No. 11-309-SLR,
   2013 U.S. Dist. LEXIS 52176 (D. Del. Apr. 11, 2013) ....................................................8

Statutes

35 U.S.C. § 307 ................................................................................................................................8

35 U.S.C. § 314 ................................................................................................................................4

35 U.S.C. § 315 ................................................................................................................................7

35 U.S.C. § 316 ................................................................................................................................4

In this patent lawsuit, Defendants Hulu, LLC, Netflix, Inc. and Spotify USA Inc. (collectively, "Defendants") have been accused of infringing claims 1 and 23 (the "Asserted Claims") of U.S. Patent No. 7,191,233 ("the '233 patent") by Plaintiff CRFD Research, Inc. ("CRFD"). Defendants subsequently filed a Request for *Inter Partes* Review ("IPR") with the U.S. Patent & Trademark Office ("PTO"), which is currently pending. The IPR alleges that the Asserted Claims, as well as 28 other claims of the '233 patent, are invalid. Defendants are not alone in attacking the validity of this patent. Two additional IPRs – which advance alternative grounds of invalidity – have been filed by third parties and are also currently pending.

Defendants respectfully request that the Court stay this case pending the outcome of these IPRs. This case is in its infancy, and a stay would allow the parties to avoid expending resources on litigation while the PTO determines whether the Asserted Claims will survive. CRFD will not be unduly prejudiced by a stay, because it can be adequately compensated by money damages if the Asserted Claims are not cancelled and liability is ultimately found here. Perhaps most importantly, the IPRs are likely to narrow the issues in this case, if not extinguish the case altogether. Thus, all of the relevant factors counsel toward a stay.

I.      NATURE AND STAGE OF THE PROCEEDINGS

On March 7, 2014, CRFD filed suit against Defendants, alleging that they each infringe Asserted Claims 1 and 23.[1] The '233 patent contains 43 claims, but only these two claims have

---

[1] On January 17, 2014 CRFD also filed suit against DISH DBS Corp., DISH Network Corp. DISH Network, LLC, EchoStar Corp., and EchoStar Technologies, LLC (collectively, "DISH"), C.A. No. 14-64, also alleging infringement of the '233 patent. The DISH case and the Defendants' cases are the only cases involving the '233 patent currently pending before this Court. The cases have not been consolidated, but are currently proceeding on the same schedule. DISH does not oppose a stay, as long as the stay is instituted after January 12, 2015 and CRFD provides its infringement contentions and infringement interrogatory responses to DISH prior to the stay. As of the time this motion for stay was filed, DISH was still evaluating the IPR

been asserted by CRFD in its Complaints. *See* D.I. 1 in C.A. Nos. 14-313, 14-314 and 14-315. Defendants filed their respective Answers on May 15, 2014. *See* D.I. 9 in C.A. No. 14-313, D.I. 9 in C.A. No. 14-314 and D.I. 8 in C.A. No. 14-315.

On October 10, 2014, a first IPR petition was filed against the '233 patent by third party Iron Dome, LLC. This IPR challenges 17 claims of the '233 patent, including Asserted Claim 1.

On October 17, 2014, the parties to the litigation exchanged initial disclosures. Also on this date, CRFD identified the accused products pursuant to Paragraph 4(a) of the Default Standard for Discovery.

On October 25, 2014, a second IPR petition was filed against the '233 patent by third party Unified Patents Inc. This IPR challenges 20 claims of the '233 patent, including both Asserted Claims.

On November 12, 2014, less than 10 months after the present case was filed, Defendants filed their own IPR petition with the PTO, seeking to cancel 30 claims of the '233 patent, including the Asserted Claims.[2] (Petition for *Inter Partes* Review of U.S. Patent No. 7,191,233, Case No. IPR2015-00259). As outlined in the petition, each of these claims is invalid as anticipated and/or rendered obvious by prior art which was not considered by the PTO during the examination which led to the issuance of the '233 patent.

Also on November 12, 2014, Defendants contacted CRFD to determine whether CRFD would agree to a stay pending the outcome of the IPRs. The parties met and conferred on

---

petitions and the challenged claims. Other than the above, DISH has expressed no position on this request for a stay.

[2] The claims involved in Defendants' IPR are claims 1-6, 8-11, 13-15, 17-20, 23-25, 29-31, 34-36 and 38-41.

November 13, 2014 and CRFD confirmed it would oppose the stay on December 2, 2014. Defendants filed the instant motion on December 3, 2014.

Procedurally, this case is in its very early stages. For example, to date, the parties have not finalized a protective order. The deadline for serving Paragraph 4(c) disclosures under the Default Standard for Discovery and the Scheduling Order has not arrived. No discovery responses have been exchanged. Discovery will not be completed until December 22, 2015. No trial date has been set.

## II.   SUMMARY OF THE ARGUMENT

In evaluating the merits of a motion to stay, three factors should be considered: (1) whether a stay will simplify the issues to be litigated; (2) whether a stay will unduly prejudice the non-moving party; and (3) whether the stage of the case cuts against a stay. All three factors favor a stay here.

The IPRs will simplify (if not extinguish) this case, regardless of how they end. If the challenged claims are cancelled, the case will be over, because both Asserted Claims have been challenged. If the challenged claims are amended, a stay will give the parties, their experts and the Court the opportunity to consider those claim amendments before engaging in activities such as claim construction, summary judgment, the drafting of expert reports, and trial. Even if all of the challenged claims are confirmed, a stay will allow the Court to consider the PTO's expert analysis of the '233 patent when this case moves forward.

A stay will not unduly prejudice CRFD. As a non-practicing entity that does not make any products or otherwise compete with Defendants, CRFD can be adequately compensated through money damages if the challenged claims survive the IPR and Defendants are later found to be liable for infringement.

Finally, this case has just begun. As discussed above, the parties have not finalized a protective order. They have not exchanged Paragraph 4(c) disclosures, or any responses to discovery requests. There is more than a year left for the completion of fact discovery. No trial date has been set.

### III. STATEMENT OF FACTS

#### A. IPR Proceedings Provide A Rapid, Streamlined Process To Assess Patent Validity

IPR proceedings were created as a "faster, less costly alternative to civil litigation to challenge patents." 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011). The PTO is required to decide whether to institute an IPR within six months of the petition's filing date and to reach a final decision one year later. 35 U.S.C. §§ 314(b), 316(a)(11). The PTO will initiate an IPR when "there is a reasonable likelihood that the petitioner will prevail with respect to at least 1 claim of the claims challenged in the petition." 35 U.S.C. § 314(a). Both of the Asserted Claims here are at issue in the IPRs.

#### B. CRFD's Only Business Is To Monetize Patents

CRFD is a wholly-owned subsidiary of Marathon Patent Group, Inc. ("Marathon"), which is a "[p]atent acquisition and monetization company that generates revenues through diverse patent licensing programs across multiple industries." (Ex. A at 3).[3] CRFD and Marathon have no commercial business, make no products, and do not compete in any marketplace, including any marketplace with Defendants. Rather, Marathon's entire business is to "acquire patents and patent rights and to monetize the value of those assets to generate revenue and profit…" (Ex. B at 1).

---

[3] "Ex. _" refers to the exhibits attached to the Declaration in Support of Defendants' Joint Motion to Stay, filed concurrently herewith.

{00921202;v1 }    4

Marathon's companies generally accomplish patent monetization "by initiating enforcement activities against any infringing parties with the objective of entering into a standard form of comprehensive settlement and license agreement…" *Id.* Marathon subsidiary CRFD did exactly that here.

## IV. ARGUMENT

This Court may stay a litigation in its sound discretion as part of its "inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). It is well settled that "this authority extends to patent cases in which a PTO review has been requested." *AIP Acquisition LLC v. Level 3 Comm'ns, LLC*, No. 12-617-GMS, D.I. 63, slip op. at 4 (D. Del. Jan. 9, 2014) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). In considering a stay, the Court weights three factors: (1) whether a stay will simplify the issues in question and the trial of the case; (2) whether a stay unduly prejudices or presents a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and a trial date is set. *SunPower Corp. v. PanelClaw, Inc.*, No. 12-1633-GMS, D.I. 43, slip op. at 1 (D. Del. May 16, 2014). Each of these factors favors a stay in this case.

### A. A Stay Will Simplify The Issues Here

It is clear that staying this case pending the conclusion of the IPRs will simplify the issues, if not extinguish the case altogether. There are only three possible outcomes of an IPR. A stay is beneficial and warranted regardless of which outcome occurs here.

One outcome is that the challenged claims (which include both Asserted Claims) will be cancelled. If that happens, the case will most likely be over. In the event CRFD were to subsequently assert unchallenged claims against Defendants, the case will nonetheless have been

simplified by the exclusion from this case of the claims that were cancelled in the IPR.[4] *Id.*; *see also Cirrex Sys. LLC v. Verizon Servs. Corp.*, No. 13-921-GMS, D.I. 96, slip op. at 2 n.1 (D. Del. Oct. 1, 2014) (noting that, in granting a stay after the filing of an IPR, one purpose of the IPR procedure "is to eliminate trial of that issue" when claims are cancelled).

Another possible outcome is that the challenged claims will be amended. In the event of amendments, a stay will allow the Court, the parties, and their experts to consider those amendments before devoting substantial resources to the case. *SunPower*, No. 12-1633-GMS, D.I. 43, slip op. at 4 (granting a stay pending the outcome of an IPR in part because "it would be preferable to know what those [claim] amendments are prior to devoting substantial time and efforts to claim construction, summary judgment motions, expert reports and trial in this case.").

A third possibility is that all of the challenged claims will survive all three IPRs. Even if that happens, staying the case now will allow the Court to benefit from the PTO's expertise in having addressed the validity of the Asserted Claims once this case is resumed. *Id.*; *see also AIP Acquisition*, No. 12-617-GMS, D.I. 63, slip. op. at 5 (granting a stay pending the outcome of an IPR in part because, "the court and the parties will have the benefit of the IPR record in any post-stay *Markman* process."); *Cirrex*, No. 13-921-GMS, D.I. 96, slip op. at 2 n.1 ("The court agrees and concludes that, regardless of the PTO's conclusion, the results of the reexamination proceeding will aid in simplifying or eliminating the overlapping issues before the court. Indeed, even if the PTO were ultimately to confirm all of the claims, the court would likely benefit from the expert analysis the PTO conducts, thus further simplifying issues before the court.").

---

[4] Defendants have concluded that the unchallenged claims of the '233 patent are also invalid. Defendants did not raise those claims in the IPR because they do not believe CRFD can charge them with infringing those claims while also satisfying Rule 11 of the Federal Rules of Civil Procedure. In the event CRFD does allege that one or more Defendants infringe an unchallenged claim, Defendants are prepared to immediately file an IPR against those claims.

Finally, a stay makes sense because the permissible scope of Defendants' invalidity case will not be known until the conclusion of the IPR they filed. If the PTO issues a final written decision in the Defendants' IPR, regardless of what that decision is, Defendants acknowledge that they will be estopped from making invalidity arguments here that they raised or reasonably could have raised in their IPR petition. *See* 35 U.S.C. § 315(e)(2).

Thus, the simplification of issues factor supports a stay.

### B.   A Stay Will Not Unduly Prejudice Or Present A Clear Tactical Disadvantage To CFRD

In determining whether undue prejudice to the non-moving party may result from a stay, the Court analyzes: (1) the relationship between the parties; (2) the timing of the IPR petition and motion to stay; and (3) the status of the IPR. *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-1107-GMS, 2014 U.S. Dist. LEXIS 47430, at *8 (D. Del. Apr. 7, 2014).

#### 1.   The Relationship Between The Parties Favors A Stay Because CRFD Is A Non-Practicing Entity And Does Not Compete With Defendants

CRFD is a non-practicing entity whose entire business is to "acquire patents and patent rights and to monetize the value of those assets to generate revenue and profit." (Ex. B at 1). The company does not make any products. It does not compete with any of the Defendants. Therefore, CRFD "can be adequately remedied for any delay by 'money damages, including any appropriate interest accrued during the stay.'" *AIP Acquisition*, No. 12-617-GMS, D.I. 63, slip op. at 6 (quoting *In re Bear Creek Techs.*, No. 12-2344-GMS, 2013 WL 378941, at *3 n.8 (D. Del. July 17, 2013)). If CRFD ultimately prevails without having to amend the Asserted Claims in the IPR, it will still be able to collect damages accrued during the stay if infringement is found here. *Cirrex*, No. 13-921-GMS, D.I. 96, slip op. at 2 n.1 ("as a non-practicing entity, [plaintiff] may seek adequate redress for potential ongoing infringement during the length of the stay");

*Walker Digital v. Google Inc.*, No. 11-309-SLR, 2013 U.S. Dist. LEXIS 52176, at *7 (D. Del. Apr. 11, 2013) (concluding that, "because [plaintiff] is a non-practicing entity, any prejudice that may result from a stay can be remedied by monetary damages"); *see also Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985).  Thus, from a damages perspective, a stay will not prejudice CRFD.  In addition, a stay will give the parties greater clarity about damages.  If CRFD is required to amend the Asserted Claims in the IPR, damages will only be available for the period after those amendments, making it premature to move this case forward and toward a damages determination now.  *Fresenius USA, Inc. v. Baxter, Intern., Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013) (holding that, "if the claim is amended during reexamination to render the claim valid, no suit can be maintained for the period prior to the validating amendment.") (citing 35 U.S.C. § 307(b)).

Under these circumstances and particularly considering that CRFD does not compete with Defendants, a stay will not unduly prejudice CRFD.  *See Celorio v. On Demand Books LLC*, No. 12-821-GMS, 2013 U.S. Dist. LEXIS 121449, at *6-7 (D. Del. Aug. 21, 2013) (no undue prejudice because patentee could be compensated through money damages).

### 2. Timing Favors A Stay

CRFD served its Complaints on Defendants on March 10, 2014.  Less than ten months later, Defendants timely filed their IPR petition on November 12, 2014.  On the same day, Defendants contacted CRFD to request a meet and confer about the possibility of a stay.  On November 13, 2014, the parties meet and conferred.  On December 2, 2014, CRFD confirmed it would oppose a stay.  Defendants filed the instant motion on December 3, 2014.  At all times, Defendants acted diligently to ensure that their request for a stay would be before the Court in a timely fashion and while the case was still in its very early stages.  This motion was filed swiftly enough that all of the aforementioned benefits of a stay can be realized here.  *See Bonutti*, 2014

U.S. Dist. LEXIS 47430, at *10-11 (granting a stay 8 – 12 months after multiple IPRs were filed, in part because "the IPR petitions were filed before any significant occurrences and proceedings in the instant cases"); *Celorio*, 2013 U.S. Dist. LEXIS 121449, at *5 (granting a stay, in part because "[g]iven the timely and prompt filings of both the petition for reexamination and the motion to stay—both filed while this litigation is in its early stages—the court cannot conclude that [the defendant] is attempting to gain an unfair tactical advantage through its instant motion.").

### 3. A Stay Of Litigation Is Appropriate Upon The Filing Of An IPR

This Court routinely grants motions to stay upon the filing of, rather than institution of, IPRs. *SunPower*, No. 12-1633-GMS, D.I. 43, slip op. at 3; *Cirrex*, No. 13-921-GMS, D.I. 96, slip op. at 2 n.1; *Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416, at *6-7 (D. Del. July 2, 2013); *Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, No. 12-1461-LPS, 2014 U.S. Dist. LEXIS 61555, at *19-20 (D. Del. Jan. 15, 2014). Furthermore, the fact that the IPR has not yet been instituted "cannot overcome the weight of th[e] other sub-factors." *See Neste Oil*, 2013 U.S. Dist. LEXIS 92416, at *11.

Thus, taken together, the prejudice-related factors support a stay.

### C. The Early Stage Of The Litigation Favors A Stay

In considering a stay pending IPR, this Court has found that, "the benefits of staying a case in its early stages are considerable in that doing so advances judicial efficiency and potentially avoids expending both the parties' and court's resources on invalid claims." *SunPower*, No. 12-1633-GMS, D.I. 43, slip op. at 5. To determine whether the stage of the litigation is early enough to clearly support a stay, the Court considers: (1) whether discovery is complete and (2) whether a trial date has been set. *Id.*

Here, there can be no dispute that this case is in its infancy. Discovery has not been completed; indeed, it does not end until December 22, 2015. No trial date has been set. This factor clearly supports a stay. *See AIP Acquisition*, No. 12-617-GMS, D.I. 63, slip. op. at 6-7 (granting stay where discovery was not complete and trial was a year away).

## V. CONCLUSION

A stay is warranted here. Every factor favors a stay. The IPRs will simplify the issues before the Court, and potentially dispose of the case altogether. A stay will not unduly prejudice CRFD because it does not compete with Defendants and it can be compensated with monetary damages if infringement is ultimately found. Finally, because this case is still in its infancy, a stay advances judicial efficiency and avoids the unnecessary expenditure of resources to advance the case in the face of possible invalidation of the Asserted Claims. Defendants respectfully request that the Court grants their motion.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants Hulu, LLC, Netflix, Inc., and Spotify USA Inc.*

*Of Counsel:*

Michael J. Zinna
David G. Lindenbaum
Patrick R. Colsher
WARD & ZINNA, LLC
382 Springfield Avenue
Summit, NJ 07901
(908) 277-3333

Dated: December 3, 2014