**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRFD RESEARCH, INC. <br><br> Plaintiff, <br><br> v. <br><br> HULU LLC, <br><br> Defendant. | C.A. No. 14-313-GMS |
| CRFD RESEARCH, INC. <br><br> Plaintiff, <br><br> v. <br><br> NETFLIX, INC., <br><br> Defendant. | C.A. No. 14-314-GMS |
| CRFD RESEARCH, INC. <br><br> Plaintiff, <br><br> v. <br><br> SPOTIFY USA INC., <br><br> Defendant. | C.A. No. 14-315-GMS |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' JOINT**
**MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW**

Dated: December 22, 2014
Of Counsel:
Mark S. Raskin
Robert Whitman
John Petrsoric
Eric Berger
Mishcon De Reya New York LLP
750 Seventh Ave., 26th Floor
New York, NY 1001

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*CRFD Research, Inc.*

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.      BACKGROUND .......................................................................................................... 2

III.      LEGAL STANDARDS ................................................................................................ 3

IV.      ARGUMENT ............................................................................................................... 4

     A.    A Stay Will Not Simplify The Issues In The Case .................................................. 4

         i.      Any Simplification Of Issue Is Highly Speculative As The
              USPTO Has Taken No Action Regarding Defendants' Petition ................... 5

         ii.     Joining Defendants Have Not Agreed To Be Bound By
              The Estoppel Provisions Of Inter Partes Review Which
              Severely Limits Any Potential Simplification Of Issues
              In These Cases ................................................................................................ 7

         iii.    The Ability Of An IPR To Simplify Issues In These Cases
              Is Limited At This Stage ................................................................................. 8

     B.    A Stay Pending The USPTO's Decision On Whether To Institute
         An IPR Will Be Unduly Harmful To The Efficient Management
         Of These Cases ...................................................................................................... 10

     C.    A Stay Would Prejudice CRFD ........................................................................... 12

         i.      Defendants Delayed IPR Petition And Motion To Stay Would
              Create An Unfair Tactical Advantage For Defendants ............................... 12

         ii.     A Stay Will Prejudice CRFD By Undermining Its Ability To
              License Its Patent ......................................................................................... 14

         iii.    The IPR Proceedings Are In Their Infancy .................................................. 14

V.      CONCLUSION ......................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Achates Reference Publishing, Inc. v. Symantec Corp.*,
C.A. No. 2:11-cv-294-JRG-RSP, D.I. 375 at 1-2 (E.D. Tex. Apr. 5, 2013)............................8

*Audatex North America Inc. v. Mitchell Int'l*,
C.A. No. 13-cv-1523-BEN (BLM), D.I. 87 at 7 (S.D. Cal. Sep. 11, 2014)........................4, 12

*Automatic Mfg. Systems Inc. v. Primera Technology Inc.*,
C.A. 12-1727-ORL-37-DAB, 2013 WL 1969247 (M.D. Fla. May 13, 2013) ....................5, 9

*Boston Scientific Corp. v. Cordis Corp.*,
777 F. Supp. 2d 783 (D. Del. 2011).......................................................................12

*Clouding IP LLC v. SAP AG*, et al.,
C.A. No. 13-1456-LPS, D.I. 35 (D. Del. Jan. 21, 2014)....................................13, 15

*Cooper Notification, Inc. v. Twitter, Inc.*,
C.A. No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010)...................................3, 13

*Davol, Inc. v. Atrium Medical Corp.*,
C.A. No. 12-cv-958, 2013 WL 3013343 (D. Del. June 17, 2013)..........................................15

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
734 F. Supp. 656 (D. Del. 1990)...........................................................................12

*Derma Sciences, Inc. v. Manukamed Ltd.*,
C.A. No. 12-3388-JAP-LHG, 2013 WL 6096459 (D.N.J. July 18, 2013) ...............................6

*Eon Corp. IP Holdings v. Skytel Corp.*,
C.A. No. 6:08-cv-385, 2009 WL 8590963 (E.D. Tex. Apr. 29, 2009)....................................8

*Everlight Elecs. Co., Ltd. v. Nichia Corp.*,
C.A. No. 12-cv-11758, 2013 WL 1821512 (E.D. Mich. Apr. 30, 2013)................................9

*Holmes Group, Inc. v. Vornado Air Circulation Sys.*,
535 U.S 826, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002)............................................14

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*,
No. 12-054-GMS-MPT, 2012 WL 5599338 (D. Del. Nov. 15, 2012) ....................................12

*Intellectual Ventures I LLC v. Xilinx, Inc.*,
C.A. No. 10-1065-LPS, 2014 U.S. Dist. LEXIS 33687 (D. Del. Mar. 5, 2014) ....................12

*Kowalski v. Anova Food, LLC*,
  2013 U.S. Dist. LEXIS 129445 (D. Haw. June 14, 2013) .......................................................15

*Market-Alerts Pty. Ltd. v. Bloomberg Finance LP.*,
  922 F. Supp. 2d 486 (D. Del. 2013) ..................................................................................3, 12

*McRo, Inc. v. Bethesda Softworks LLC*,
  C.A. Nos. 12-1509, 12-1510, 12-1513, 12-1517, 12-1519, 2014 U.S. Dist. LEXIS 60313
  (D. Del. May 1, 2014) ............................................................................................................11

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) (en banc) ...............................................................................9

*Procter & Gamble Co. v. Team Techs., Inc.*,
  C.A. No. 1:12–cv–552, 2014 WL 533494 (S.D. Ohio Feb. 11, 2014) .....................................9

*Proctor and Gamble Co. v. Team Technologies Inc.*,
  CA. No. 12-552, 2013 WL 4830950 (S.D. Ohio Sep. 10, 2013) ..............................................6

*Round Rock Research LLC v. Dole Food Co. Inc.*,
  C.A. Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022
  (D. Del. Apr. 6, 2012) ........................................................................................................3, 13

*Segin Systems, Inc. et al v. Stewart Title Guaranty Company et al*,
  C.A. No. 13-190, 2014 WL 1315968 (E.D. Va. March 31, 2014) ...........................................4

*TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*,
  C.A. No. 13-2218, 2013 WL 6021324 (N.D. Cal. Nov. 13, 2013) ..........................................6

*Tric Tools, Inc. v. TT Technologies, Inc., et al.*,
  C.A. No. 12-3490, 2012 WL 5289409 (N.D. Cal., Oct. 25, 2012) ..........................................8

*TruePosition Inc. v. Polaris Wireless, Inc.*,
  C.A. No. 12-646-RGA/MPT, 2013 WL 5701529 ...................................................................8

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*,
  943 F. Supp. 2d 1028 (C.D. Cal. May 2, 2013) ......................................................................6

*VirtualAgility Inc., v. Salesforce.com*,
  759 F.3d 1307 (Fed. Cir. 2014) ..............................................................................................4

*Walker Digital, LLC v. Google, Inc.*,
  C.A. No. 11-318-LPS, 2014 WL 2880474 (D. Del. June 24, 2014) ......................................14

**Statutes**

35 U.S.C. §§ 101, 102, 103 ...........................................................................................................8

35 U.S.C. §§ 102 and 103 ..............................................................................................................8

35 U.S.C. § 112 ......................................................................................................9

35 U.S.C. § 312(a) .................................................................................................5

35 U.S.C. § 314(a) .................................................................................................5

35 U.S.C. § 315(b) ...............................................................................................13

35 U.S.C. § 315(e)(2) .............................................................................................7

35 U.S.C. § 316(a)(11) .....................................................................................14, 15

**Other Authorities**

37 C.F.R. § 42.100(b) ............................................................................................9

37 C.F.R. § 42.108(a) .............................................................................................5

Plaintiff CRFD Research, Inc. ("CRFD") submits this opposition to the Motion to Stay Litigation Pending *Inter Partes* Review filed by Defendants Hulu, Inc. ("Hulu"), Netflix, Inc. ("Netflix"), and Spotify USA, Inc. ("Spotify") (collectively, "Moving Defendants"). For all the reasons set forth herein, CRFD respectfully requests the Court deny Defendants' motion.

## I.      INTRODUCTION

The actions for infringement of U.S. Patent No. 7,191,233 (the "'233 Patent") that Defendants seek to stay have been pending for over nine months. CRFD's action against Dish Network Corporation ("Dish"), which Defendants also assert should be stayed in concert with these actions, was filed on January 17, 2014, nearly one year ago.[1] In that time, the parties and the Court have expended significant resources in negotiating and setting a scheduling order, along with preparing infringement contentions which are due to be filed by Plaintiff within weeks. All four of these cases are following a common scheduling order. Now that the Court has entered that scheduling order and discovery is underway, Defendants seek to insert a lengthy delay that will prejudice CRFD by harming CRFD's ability to adequately license its patented technology over the remaining duration of the '233 Patent. But any potential simplification of the issues in these cases is highly speculative. Defendants should not be allowed to halt the progress of these cases while they wait and see whether the United States Patent and Trademark Office ("USPTO") will even institute a review of the '233 patent.

Defendants argue that these cases should be stayed to conserve judicial resources. But under the Court's schedule, there is no event that would require the Court's attention before the USPTO's May 2015 deadline for deciding whether to institute an IPR proceeding. Not only will proceeding with these cases require minimal resources by the parties and the Court, but such an

---

[1] DISH DBS Corp., DISH Network Corp., DISH Network, LLC, EchoStar Corp., and EchoStar Technologies, LLC (collectively "Dish") C.A. No. 14-cv-064-GMS.

approach may provide a greater opportunity at final resolution of the claims in this case.  Indeed, since these actions were filed, CRFD has amicably resolved cases involving the '233 patent against eight defendants.

Despite Defendants' insistence that the IPR will simplify issues in these cases – which  is itself a misunderstanding of the stay analysis – an examination of the facts shows that any simplification is unlikely.  Defendant Dish has not joined any of the pending IPR's and has been silent as to whether it would agree to be bound by the estoppel provisions that attach to IPR petitioners.  Similarly, the Moving Defendants have not agreed to be bound by the estoppel provisions of the IPRs filed by third-parties.  Thus, if the USPTO institutes the IPR proceeding but ultimately rejects the Petition's arguments, Dish would still be able to raise those exact rejected arguments in this litigation.  This would result in duplication of issues and efforts instead of a simplification of issues and conservation of resources.

Defendants rely on nothing but the filing of IPR petitions as justification for inserting a lengthy delay of 18, and possibly up to 24 months, in these cases.  Using this reasoning, any defendant in any patent litigation would be able to buy a stay in a related district court case by submitting an IPR petition and paying the requisite USPTO fees.

Given the highly speculative nature of any potential benefit of a stay and the minimal burden of proceeding under the current scheduling order, the Motion to Stay should be denied and the cases allowed to proceed until the USPTO has decided whether to institute any IPR proceedings on any of the claims of the '233 patent.

## II.      BACKGROUND

CRFD's suit against Dish alleging infringement of the '233 Patent was filed on January 17, 2014.  CRFD's suits against Hulu, Netflix, and Spotify were filed on March 7, 2014.  On

September 15, 2014, this Court held a scheduling conference which was formalized on September 25, 2014.  Over the course of the following three months, and in accordance with the scheduling order, both parties prepared and filed their initial disclosures and CRFD identified the accused products, provided its damages model to Defendants, identified the asserted patents, made a preliminary identification of asserted claims, and produced the file history for the asserted patent.  To date, ESI Default Order Paragraph 4(a) and 4(b) disclosures have been served.  Paragraph 4(c) disclosures of infringement claim charts are due to be filed by CRFD on or before January 12, 2015.  On or before February 20, 2015, Defendants are scheduled to produce their invalidity contentions.  Theses deadlines are the only deadlines that remain under the scheduling order prior to the date when the USPTO will have decided whether to institute any of the IPRs filed against the '233 patent.

## III.     LEGAL STANDARDS

As the movants seeking a stay, Defendants bear the burden of demonstrating that a stay is warranted.  *See, e.g., Market-Alerts Pty. Ltd. v. Bloomberg Finance LP.*, 922 F. Supp. 2d 486, 489-90 (D. Del. 2013).  This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.  *See, e.g.*, *Round Rock Research LLC v. Dole Food Co. Inc.*, C.A. Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012); *Cooper Notification, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).  All three factors weigh against staying these cases. Additionally, as the Federal Circuit recently noted, a district court need not rule on a stay motion,

or "freeze" litigation, before the USPTO has actually instituted review of the asserted patent. *See VirtualAgility Inc., v. Salesforce.com*, 759 F.3d 1307, 1325 (Fed. Cir. 2014).

IV.     **ARGUMENT**

       **A.     A Stay Will Not Simplify The Issues In The Case**

Rather than whether any potential IPR proceedings will simplify the issues in this case, this factor considers whether *granting a stay* will simplify the issues in this case. *See Segin Systems, Inc. et al v. Stewart Title Guaranty Company et al*, C.A. No. 13-190, 2014 WL 1315968, at *3 (E.D. Va. March 31, 2014). Thus, Defendants' argument that a stay should be granted because *"[t]he IPR proceeding* will simplify issues for trial in Delaware" appears to be based on a misunderstanding of the law. (Op. Br. at 5) (emphasis added). As an initial matter, there is no IPR proceeding at this stage. Defendants and third-parties have submitted petitions to the USPTO to request a review of the '233 patent. Nothing else has occurred. The USPTO's decision on whether to institute an IPR itself will not result in any simplification of any issues. Only if the USPTO decides to institute a review of every claim of the '233 patent, holds full IPR proceedings and issues a final written decision, will any simplification occur. Any potential simplification is highly speculative at this stage. *Audatex North America Inc. v. Mitchell Int'l*, C.A. No. 13-cv-1523-BEN (BLM), D.I. 87 at 7 (S.D. Cal. Sep. 11, 2014) ("Until the PTAB issues its decision on whether to institute review, this Court can only speculate about whether or not a stay would simplify the issues.") (Slip Op. attached as Ex. 1). Additionally, any simplification would be of limited impact as Defendants have not agreed to be bound by the estoppel provisions with the respect to the three IPRs that have been filed. If the USPTO declines to institute a review of the '233 patent, no simplification of issues will have resulted and the parties will have been subjected to a lengthy delay in adjudicating these cases.

i.      **Any Simplification Of Issue Is Highly Speculative As The USPTO Has Taken No Action Regarding Defendants' Petition**

Critical to the inquiry of whether a stay should be granted in light of Defendants' Petition is that the USPTO will not even decide whether to institute an IPR proceeding until May 2015. Any potential simplification of issues at this stage is purely speculative.  All that has occurred to date is that Defendants have submitted their Petition to the USPTO.  Within three months of the filing of the Petition, approximately two months from now, CRFD is entitled to file a response to the Petition.  Regardless of whether or not CRFD files a response, the USPTO is not required to issue a decision on whether to institute an IPR for six months from the filing date of the Petition, approximately five months from now. In making its determination, the USPTO will take into consideration the claims challenged and the grounds set forth in the Petition as well as CRFD's response, and determine if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  The USPTO may choose to initiate a review on some or all of the challenged claims in the petition, on some or all of the grounds set forth in the petition, or it may decline to initiate a review altogether.  37 C.F.R. § 42.108(a).  To date, however, the USPTO has decided nothing and issued no response whatsoever to any of the IPR petitions.

Aside from a party submitting fees, structuring the petition in accordance with USPTO procedures, and providing copies of required documents, there is no substantive threshold that a party must meet in order to submit an IPR petition to the USPTO and be granted a filing date. *See* 35 U.S.C. § 312(a).  Such minimal action at such an early stage of the IPR framework does not warrant a stay.  "In view of this administrative framework, it seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for inter partes review was filed in the USPTO." *Automatic Mfg. Systems Inc. v. Primera*

*Technology Inc.*, C.A. 12-1727-ORL-37-DAB, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013); *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, C.A. No. 13-2218, 2013 WL 6021324, at *5 (N.D. Cal. Nov. 13, 2013) ("The PTO has not decided whether to grant inter partes review, so [defendant's] request for IPR is at the earliest stage. This sub-factor weighs against a stay."); *Proctor and Gamble Co. v. Team Technologies Inc.*, CA. No. 12-552, 2013 WL 4830950, at *3-4 (S.D. Ohio Sep. 10, 2013) (consolidating numerous district court cases that have reached the same conclusion). Further, the fact that two IPR Petitions have been filed from third-parties only demonstrates that there is absolutely no threshold or minimal bar to meet before filing an IPR. Almost anyone can file a petition for an IPR based on nearly any basis, regardless of the merits of such a petition.

The mere act of submitting a petition requesting an IPR provides no basis for staying related civil litigation in this District. To stay an active litigation simply because an IPR petition has been submitted would effectively allow any defendant (or third-party) to buy a stay whenever it chose to do so. If these cases are stayed and the USPTO denies Defendants' Petition, these cases will presumably resume after a five month delay, and a new scheduling conference will undoubtedly need to then be held, only further delaying these cases. If additional IPR petitions are filed by third-parties, Defendants may file additional motions to stay resulting in an ongoing series of delays in these cases. "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1035 (C.D. Cal. May 2, 2013).

At a bare minimum, the Court should deny defendants' Motion to Stay with leave to renew once the USPTO decides whether to even institute the Petition. *See Derma Sciences, Inc.*

*v. Manukamed Ltd.,* C.A. No. 12-3388-JAP-LHG, 2013 WL 6096459, at *1 (D.N.J. July 18, 2013) (a defendant's motion to stay should not be addressed until the USPTO has made a determination on the initial IPR petition).  If no review is instituted, the issue is moot and the cases may continue to proceed.  If the USPTO does institute a review, the Court will have the benefit of the USPTO's evaluation of Defendants' Petition, will be able to examine what claims are at issue and the grounds upon which review has been granted, and can then more precisely determine the effects, if any, of such review on the pending cases.  An informed decision can then be made about whether the IPR will indeed simplify any issues before the Court.

>    **ii.     Joining Defendants Have Not Agreed To Be Bound By The Estoppel Provisions Of Inter Partes Review Which Severely Limits Any Potential Simplification Of Issues In These Cases**

IPR proceedings have an estoppel effect that prevents the petitioner and "the real party in interest or privy of the petitioner" from challenging the validity of a patent claim in a district court case "on any ground that the petitioner raised or reasonably could have raised during [the] inter partes review."  35 U.S.C. § 315(e)(2).  With respect to the petition filed by the Moving Defendants, only those Defendants will be bound the estoppel provisions.  Dish, who is a defendant in this District following the same schedule as Moving Defendants, has not agreed to be bound by the estoppel effects of the Moving Defendants' position.  Furthermore, *none* of the Defendants in any of these four cases have agreed to be bound by the estoppel effects of the petitions filed by third-parties. Thus, if the USPTO does institute an IPR preceding of the '233 Patent based on those petitions and declines to invalidate any of the claims of the '233 patent, all four Defendants could then seek a second bite at the apple and re-litigate any or all of the issues that were already resolved by the IPR process.  Rather than simplifying issues, such a scenario would only add complexity.

Other courts have recognized this problem and considered stays pending an IPR proceeding only if the parties seeking the stay agree to be bound by the results of the proceeding. *See Achates Reference Publishing, Inc. v. Symantec Corp.*, C.A. No. 2:11-cv-294-JRG-RSP, D.I. 375 at 1-2 (E.D. Tex. Apr. 5, 2013) (ordering parties to indicate whether they would agree to be bound by estoppel, and noting that "the Court is considering a stay that applies only to the parties who would be bound by the outcome of the *inter partes* review.") (Slip Op. attached as Ex. 2); *see also Tric Tools, Inc. v. TT Technologies, Inc., et al.*, C.A. No. 12-3490, 2012 WL 5289409, at *2 (N.D. Cal., Oct. 25, 2012)(noting that a stay pending ex parte reexamination was unlikely to simplify issues because the reexamination would not have an estoppel effect on the defendant); *Eon Corp. IP Holdings v. Skytel Corp.*, C.A. No. 6:08-cv-385, 2009 WL 8590963, at *5 (E.D. Tex. Apr. 29, 2009) (same).  Defendants' failure to agree to be bound by the estoppel provisions pertaining to the three IPR petitions severely diminishes the potential of any IPR to simplify the issues in these cases and thus, diminishes the ability of a stay to simplify the issues in these cases.

### iii. The Ability Of An IPR To Simplify Issues In These Cases Is Limited At This Stage

Even if the USPTO ultimately institutes an IPR proceeding, the ability of such a proceeding to simplify issues in these cases is limited.  An IPR proceeding cannot address all defenses raised by defendants. Defendants have asserted numerous defenses in these cases, including laches, waiver, equitable estoppel, unclean hands, non-infringement, and invalidity. Defendants broadly assert invalidity of the '233 Patent under "35 U.S.C. §§ 101, 102, 103, and/or 112, *et seq*." *Id.*  But an IPR proceeding only addresses validity challenges under 35 U.S.C. §§ 102 and 103 (anticipation and obviousness) based on prior patents and printed publications. *TruePosition Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA/MPT, 2013 WL

5701529, at *2 (*citing* 35 U.S.C. § 311(b)); *see also Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, C.A. No. 6:12-cv-1727, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013).

Defendants' assert invalidity defenses under §§ 101 and 112 (unpatentable subject matter and indefiniteness) and Defendants' laches, waiver, equitable estoppel, and unclean hands defenses cannot be raised in an IPR.  Rather, these defenses can only be heard by this Court.  *See Procter & Gamble Co. v. Team Techs., Inc.*, C.A. No. 1:12–cv–552, 2014 WL 533494, at *5 (S.D. Ohio Feb. 11, 2014) ("Defendants have asserted many defenses that the PTO will not review, including invalidity under 35 U.S.C. § 112, estoppel, laches, and *res judicata*…Because the PTO will not address these defenses, their presence demonstrates further that significant issues remain for this Court to address regardless of the outcome of the IPRs."); *Everlight Elecs. Co., Ltd. v. Nichia Corp.*, C.A. No. 12-cv-11758, 2013 WL 1821512 at *9-*10 (E.D. Mich. Apr. 30, 2013) ("'[T]o truly simplify the issues . . . the outcome of the reexamination must finally resolve all issues in the litigation' . . . [A] stay will not simplify the issues related to the '215 patent because Defendants have asserted defenses such as laches, waiver, estoppel, and standing which will not be reviewed by the PTO.").

Defendants' suggestion that a stay is warranted because the Court will likely benefit from the intrinsic record of the IPR when analyzing claim construction issues misses the mark.  District courts and the USPTO apply different claim construction standards.  District courts use the "ordinary and customary meaning" claim construction standard provided by the Federal Circuit.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-18 (Fed. Cir. 2005) (en banc) (describing the claim construction standard in district court litigation).  In *inter partes* review, the USPTO uses the "broadest reasonable construction" standard.  37 C.F.R. § 42.100(b) (providing the claim construction standard for *inter partes* reviews).  Thus, any opinion issued by the USPTO

regarding claim construction will be of limited value.  In any case, because claim construction in these cases is not set until *after* the deadline for the USPTO to respond to the petitions, the Court will have the opportunity to review the USPTO's decisions regarding claim construction regardless of whether these cases are stayed.  Thus, a stay at this stage will not simplify the issues in these cases.

**B.      A Stay Pending The USPTO's Decision On Whether To Institute An IPR Will Be Unduly Harmful To The Efficient Management Of These Cases**

These cases have been pending for at least nine months and a scheduling order through claim construction is in place.  Under the current schedule, Defendants have already made a core technical document production, and CRFD has already begun preparing its initial infringement claim charts, which it will produce by January 12, 2015.  The only other discovery deadline remaining in the Court's scheduling order is the production of Defendants' invalidity contention claim charts, which are due on February 20, 2015.  Thus, limited additional resources will be expended in the time between this Motion to Stay and the May 2015 deadline for the USPTO to make its decision on whether to institute the IPR.  The claim construction process, for example, will not substantively begin until the parties exchange terms for construction on May 1, 2015. The actual hearing for claim construction is not scheduled until October 14, 2015.

As minimal resources will need to be expended by the Court and parties before the USPTO's deadline for deciding whether to institute an IPR proceeding, it is in the interest of this Court to leave the current trial schedule in place and give leave for Defendants to renew their motion if the USPTO decides to institute a review.  As Courts in this District have previously noted:

> As even Defendants acknowledge, the PTO's decision as to whether to grant IPR, which is "expected in May or June 2014," will come "well before the parties will have engaged in...time-consuming and costly claim construction and discovery in these

cases." (D.I. 28 at 1; at 8-9 (noting that any costs expended by Defendants in the "early stages" of the case will "pale compared to the costs of claim construction, expert discovery, and trial")) That is, because discovery has only just begun in some of the instant cases (and has not really begun in earnest in others), even if the PTO ultimately institutes IPR proceedings, and Defendants renew their motion to stay thereafter, having proceeded forward with initial discovery in the meantime will not be unduly harmful to the efficient management of these proceedings. *Cf. Nexans Inc. v. Belden Inc.*, C.A. No. 12-1491-SLR-SRF, 2014 U.S. Dist. LEXIS 20116, 2014 WL 651913, at *4 (D. Del. Feb. 19, 2014) (denying motion for stay until completion of IPR proceeding, which was anticipated to occur within three months from the Court's decision, in part because the "potential benefits of reduced discovery are not likely to be so significant to the parties that they warrant taking this case off of its present scheduling track"). Even if the Court granted such a motion at that later stage, the cabined amount of case-related activity that will have occurred in the interval will not have amounted to a large-scale waste of resources.

*McRo, Inc. v. Bethesda Softworks LLC*, C.A. Nos. 12-1509, 12-1510, 12-1513, 12-1517, 12-1519, 2014 U.S. Dist. LEXIS 60313, at *10 (D. Del. May 1, 2014) (Stark, J.).

While the resources required to proceed with these cases over the next five months are not significant, staying this cases now would unnecessarily disrupt the entire case schedule and ignore the efforts this Court and the parties have already expended.  Indeed, those efforts are far more likely to yield a final resolution of these cases.  Since these actions were filed, CRFD has amicably resolved cases involving the '233 patent against eight defendants.   Rather than discarding those efforts, allowing the cases to proceed as scheduled leaves open the possibility for final resolution of the remaining cases in a much shorter time frame.   It is far more reasonable and efficient for both the parties and this Court to keep the current schedule in place and if needed, revisit the potential need for a stay once the USPTO has made a decision regarding the IPR petitions.  Such an approach is mindful of the Court's resources, the efforts the parties have expended thus far, and CRFD's right to have its claim heard.  Therefore, this factor weighs against a stay.

### C.      A Stay Would Prejudice CRFD

The consequences on the nonmoving party are a paramount consideration in determining whether to grant a stay.  *See, e.g., Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (denying a stay, and noting the need to consider whether there is even a "fair possibility" that the stay would damage the non-moving party); *Intellectual Ventures I LLC v. Xilinx, Inc.*, C.A. No. 10-1065-LPS, 2014 U.S. Dist. LEXIS 33687, at \*6 (D. Del. Mar. 5, 2014); *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12-054-GMS-MPT, 2012 WL 5599338, at \*8 (D. Del. Nov. 15, 2012) (affirming the denial of stay).  A stay of this case would cause CRFD to suffer severe prejudice and irreparable harm.   "Waiting for the administrative process to proceed risks prolonging the resolution of the dispute, and can result in inherent prejudice to the plaintiff."  *See Audatex*, No. 13-1523, Slip Op. at \*9; *see also Market- Alerts Pty. Ltd. V. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 494.

In determining whether a stay would cause plaintiff to suffer undue prejudice, this Court has considered a number of factors including "(1) the timing of the request for review; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties."  *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011).  Staying these cases pending a final IPR determination while the IPR petition is in its infancy will only serve to insert a lengthy and unnecessary delay in these cases.

### i.      Defendants Delayed IPR Petition And Motion To Stay Would Create An Unfair Tactical Advantage For Defendants

The Moving Defendants' delay in filing their IPR petition of nearly ten months since being served with complaints in these cases would create an unfair tactical advantage for them if these cases were to be stayed.  While a stay may be warranted if a petition for an IPR had been filed shortly after a lawsuit is initiated, that is simply not the case here.  The Moving Defendants'

rely on *Neste Oil Oyj v. Dynamic Fuels, LLC* as supporting a stay under this factor, C.A. No. 12-17440GMS, 2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013).  However, in *Neste Oil*, the defendants filed an IPR petition three months after institution of the lawsuit at which time no scheduling order or discovery had taken place.    In contrast, the Moving Defendant's waited nearly ten months to file an IPR petition.  The American Invents Act only gives a defendant a twelve month window to file an IPR once a lawsuit has been filed against them.  35 U.S.C. § 315(b).  Thus, in this case, the Moving Defendants waited until nearly the end of this entire window before filing an IPR petition and a subsequent motion to stay these cases.  During this time, and unlike *Nestle Oil*, a schedule was put in place and the parties expended significant efforts in carrying out discovery.  Defendants' dilatory tactics are plain to see from Dish's audacious request that despite having no opposition to its case being stayed, Dish would still demand CRFD be required to produce its infringement contentions under the Court's scheduling order.  (Op. Br. at 1, n.1).  Defendants should not be permitted to game the system by taking no action for nearly 10 months while CRFD prepares its case and then filing an IPR petition and a motion to stay when they are nearly out of time to do so.

Finally, CRFD filed these cases in the District of Delaware, the forum in which it chose to litigate its patent infringement claims.  Now, based on petitions filed by third-parties and certain Defendants in these cases, Defendants are attempting to deny CRFD of its chosen forum for litigating its infringement allegations. *See Clouding IP LLC v. SAP AG*, et al., C.A. No. 13-1456-LPS, D.I. 35 (D. Del. Jan. 21, 2014) (Oral Order attached as Ex. 3) (noting that granting a stay would unfairly prejudice plaintiff by depriving it of its chosen forum for litigating its infringement allegations); *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *3 ("Staying this litigation in favor of the USPTO proceeding would grant Defendants their choice

of forum . . . ."); *see generally Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) ("The plaintiff is the master of the complaint [and] the well-pleaded complaint rule enables him, by eschewing [certain] claims ... to have the cause heard in [the forum of his choice].") (internal quotation marks omitted).

### ii.        A Stay Will Prejudice CRFD By Undermining Its Ability To License Its Patent

Regardless of whether CRFD is a direct competitor of Defendants, a stay will not only allow Defendants to continue their infringement of the '233 Patent unimpeded, but would also significantly harm CRFD's ability to license its patented technology. In denying a motion to stay a case pending a CBM review, a court in this District recently found that, although the patent owner was a patent licensing company and did not compete with the defendant, "the longer [defendant] is allowed to engage in allegedly infringing activity, the lower the value of the patents becomes as licensing assets. *Moreover, the patents-in-suit are set to expire in 2016 and any delay in determining their validity significantly prejudices [patent owner's] ability to license the patents.*" *Walker Digital, LLC v. Google, Inc.*, C.A. No. 11-318-LPS, 2014 WL 2880474, at *1 (D. Del. June 24, 2014) (emphasis added). If Defendants truly believe the claims of the '233 patent are invalid, allowing these cases to proceed will permit this Court and the USPTO to adjudicate these claims without imposing the irreparable harm to CRFD's licensing abilities that a stay would cause.

### iii.        The IPR Proceedings Are In Their Infancy

The Moving Defendants' petition was filed on November 12, 2014. It may be more than five months before the USPTO even decides whether to grant a review. If the IPR petition is granted, the USPTO then has one year from the date on which the IPR proceeding was instituted to issue a final determination. 35 U.S.C. § 316(a)(11). This period can be extended by six

months for good cause.  *Id.*  Thus, if the IPR were granted, a final determination would not likely issue until May 2016 at best, and at worst may not issue until November 2016.[2]  As the IPR proceedings are in their very early stages, a stay would result in a lengthy delay.  *See Clouding IP* at 1.  Granting a stay would provide Defendants' with a significant tactical advantage causing CRFD to suffer undue prejudice.  Thus, this factor weighs against granting a stay.

## V.      CONCLUSION

For the foregoing reasons, CRFD respectfully requests the Court deny the Motion to Stay.

---

[2] An appeal can take the process even beyond the initial 18-month period set forth for IPR review resulting in a delay of several years.   *See, e.g.*, *Davol, Inc. v. Atrium Medical Corp.*, C.A. No. 12-cv-958, 2013 WL 3013343, *6 (D. Del. June 17, 2013); *Kowalski v. Anova Food, LLC*, 2013 U.S. Dist. LEXIS 129445, at *10 (D. Haw. June 14, 2013) (noting that IPR process "may take years").

Dated: December 22, 2014

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*CRFD Research, Inc.*

Of Counsel:

Mark S. Raskin
Robert Whitman
John Petrsoric
Eric Berger
Mishcon De Reya New York LLP
750 Seventh Ave., 26th Floor
New York, NY 1001