**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRFD RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> HULU, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 14-313-GMS |
| CRFD RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> NETFLIX, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 14-314-GMS |
| CRFD RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPOTIFY USA INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 14-315-GMS |

**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY
LITIGATION PENDING *INTER PARTES* REVIEW**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1
II. FACTOR 1: A STAY WILL SIMPLIFY THE ISSUES BEFORE THIS COURT ............... 2
III. FACTOR 2: A STAY WILL NOT RESULT IN UNDUE PREJUDICE TO CRFD ............. 6
IV. FACTOR 3: THE EARLY STAGE OF THE LITIGATION FAVORS A STAY ................. 9
V. CONCLUSION ..................................................................................................... 10

# **TABLE OF AUTHORITIES**

Cases

*AIP Acquisition LLC v. Level 3 Comm'ns, LLC*, No. 12-617-GMS,
    D.I. 63, slip op. (D. Del. Jan. 9, 2014)..............................................................................5

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-1107-GMS,
    2014 U.S. Dist. LEXIS 47430 (D. Del. Apr. 7, 2014)............................................ passim

*Canatelo LLC v. AXIS Comm'ns AB*, No. 13-1227-GMS,
    2014 U.S. Dist. LEXIS 161801 (D. Del. May 14, 2014).....................................................4

*Cirrex Sys. LLC v. Verizon Servs. Corp.*, No. 13-921-GMS,
    D.I. 96, slip op. (D. Del. Oct. 1, 2014) ...............................................................4, 7, 9, 10

*Davol, Inc. v. Atrium Medical Corp.*, No. 12-958-GMS,
    2013 U.S. Dist. LEXIS 84533 (D. Del. Jun. 17, 2013).......................................................3

*Holmes Group v. Vornado Air Circ. Sys.*, 525 U.S. 826 (2002).....................................................7

*Krippelz v. Ford Motor Co.*, 667 F.3d 1261 (Fed. Cir. 2012) ........................................................6

*Market-Alerts Pty. Ltd.v. Bloomberg Fin. L.P.*, 922 F. Supp. 486 (D. Del. 2013).........................7

*McRo, Inc. v. Bethesda Softworks LLC*, No. 12-1509-LPS,
    2014 U.S. Dist. LEXIS 60313 (D. Del. May 1, 2014).....................................................10

*Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 12-1744-GMS,
    2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013) ............................................3, 9, 10

*Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, No. 12-1461-LPS,
    2014 U.S. Dist. LEXIS 61555 (D. Del. Jan. 15, 2014)..............................................5, 10

*Quest Licensing Corp. v. Bloomberg, L.P.*, No. 14-561-GMS,
    D.I. 30, slip op. (D. Del. Dec. 3, 2014)...................................................................... passim

*Serby v. First Alert, Inc.*, 934 F. Supp. 2d 506 (E.D.N.Y. 2013)..................................................7

*SunPower Corp. v. PanelClaw, Inc.*, No. 12-1633-GMS,
    D.I. 43, slip op. (D. Del. May 16, 2014).............................................................4, 5, 9, 10

*Walker Digital, LLC v. Google, Inc.*, No. 11-318-LPS,
    2014 U.S. Dist. LEXIS 85539 (D. Del. Jun. 24, 2014).....................................................8

Statutes

28 U.S.C. § 1295 ............................................................................................................................7

28 U.S.C. § 1338 ............................................................................................................................7

28 U.S.C. § 1456 ............................................................................................................................7

35 U.S.C. § 102 ..............................................................................................................................5

35 U.S.C. § 103 ..............................................................................................................................5

35 U.S.C. § 315 ..............................................................................................................................4


Other Authorities

157 Cong. Rec. S5402-02 (daily ed. Sept. 8, 2011).......................................................................7

77 Fed. Reg. 48680-01 (Aug. 14, 2012) ......................................................................................10

H.R. Rep. 112-98 (2011).................................................................................................................7

Joe Matal, *A Guide to the Legislative History of the America Invents Act: Part II of II*,
    21 Fed. Cir. B.J. 539 (2012) ...............................................................................................7

USPTO America Invents Act Progress Statistics, *available at*
    http://www.uspto.gov/ip/boards/bpai/stats/121814_aia_stat_graph.pdf............................3

I.      **INTRODUCTION**

CRFD's opposition to Defendants' motion does not credibly counter that a stay is warranted here. It largely ignores how this Court treats motions to stay in patent cases when an *Inter Partes* Review petition ("IPR") has been filed against the asserted patent claims. At its core, the opposition is essentially a red herring that often espouses irrelevant arguments not supported by authority from this District. For example, CRFD argues that a stay is not warranted because it is "purely speculative" to assume that the pending not-yet-instituted IPRs will simplify the issues here. CRFD ignores that this argument has been rejected by the Court many times, and instead looks to non-controlling law for support.

The opposition also omits key facts. The cornerstone of CRFD's argument that the Court should delay consideration of a stay until the Patent Office ("PTO") decides whether to institute the IPRs is that "minimal resources" will be expended by the parties in the intervening five months. However, CRFD fails to inform the Court that it has served 71 document requests and 15 interrogatories on each Defendant. Responses to that discovery will consume significant resources during the next month alone.

CRFD's opposition is also notable for what CRFD does not dispute. Regarding whether a stay will simplify the issues here, CRFD does not dispute that the cases will be simplified if the PTO issues a final decision in an IPR. Regarding undue prejudice to the non-moving party, CRFD does not dispute that it has a non-competitive relationship to Defendants. CRFD does not address Defendants' argument that it can be compensated for Defendants' alleged infringement by money damages and interest. CRFD does not dispute that this Court has stayed cases upon filing (rather than institution) of IPRs, even when those cases had aged 9 – 12 months, the age of the cases here. Finally, regarding whether the stage of the cases counsels against a stay, CRFD

does not dispute that discovery is far from over and no trial date has been set.

Accordingly, Defendants respectfully request that the Court grant their motion and stay these cases. Every factor considered in a typical stay analysis favors a stay.

## II. FACTOR 1: A STAY WILL SIMPLIFY THE ISSUES BEFORE THIS COURT

CRFD does not address Defendants' main argument that the IPRs will simplify (if not totally extinguish) these cases, regardless of how they end. Thus, it is not disputed that: (1) if the challenged claims are cancelled, the cases will be over, because both asserted claims have been challenged, (2) if the challenged claims are amended, a stay will give the parties, their experts and the Court the opportunity to consider those claim amendments before engaging in activities such as claim construction, summary judgment, the drafting of expert reports, and trial, or that (3) if all of the challenged claims are confirmed, a stay will allow the Court to consider the PTO's expert analysis of the '233 patent when these cases move forward.

Instead, CRFD bases its position that a stay will not simplify these cases on several flawed arguments. Tellingly, CRFD does not cite a single case from this District in support.

*First*, CRFD fabricates a quote that does not appear in Defendants' Opening Brief, for the purpose of asserting that Defendants misunderstand the law on motions to stay.[1] *Compare* D.I. 30 at 4 *with* D.I. 26 at 5.[2] Since the quote does not exist, that argument is moot.

*Second*, CRFD argues that the cases will only be simplified if "the USPTO decides to institute a review of <u>every claim</u> of the '233 patent, holds full IPR proceedings and issues a final

---

[1] CRFD wrongly attributes the quote "the IPR proceeding will simplify issues for trial in Delaware" to Defendants. This manufactured quote allowed CRFD to make the feeble argument that Defendants were focused on whether the *IPRs* will simplify the issues here, rather than whether a *stay* (albeit premised on the IPRs) will simplify the issues. It also gave CRFD an entrée into arguing that an IPR "proceeding" has not yet started. Defendants readily admit this, which is why they never referred to the pending IPRs as open "proceedings."

[2] Citations to "D.I. _" refer to docket entries in Case No. 14-313-GMS.

written decision." (D.I. 30 at 4) (emphasis added). This is incorrect. CRFD has only alleged that two claims of the '233 patent are infringed by Defendants, and both of those claims *are* being challenged. Thus, it would only take review of two claims for this case to be *completely over*. Even if CRFD were to assert additional claims, Defendants' IPR seeks review of 30 claims of the '233 patent.[3] Whether or not all of those claims are reviewed, a stay pending the IPRs will simplify the issues here, if not totally exhaust them. *See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-1107-GMS, 2014 U.S. Dist. LEXIS 47430, at *20 (D. Del. Apr. 7, 2014) ("there is no requirement that the issues in the IPR be identical to the litigation").

*Third*, CRFD argues that any potential simplification of issues is speculative because the PTO has not yet instituted any of the pending IPRs. CRFD ignores the fact that the Court has considered and rejected this argument on several occasions, as explained in Defendants' Opening Brief. (D.I. 26 at 9); *see also Quest Licensing Corp. v. Bloomberg, L.P.*, , No. 14-561-GMS, D.I. 30, slip op. at 2 n.2 (D. Del. Dec. 3, 2014) (granting stay prior to PTO instituting review); *Davol, Inc. v. Atrium Medical Corp.*, No. 12-958-GMS, 2013 U.S. Dist. LEXIS 84533, at *16-17 n.7, *18 (D. Del. Jun. 17, 2013) (finding issue simplification favored a stay even though "a motion to stay pending review or reexamination always calls for some degree of speculation on this point"). Moreover, as this Court has often noted, the PTO institutes the vast majority of IPRs. *Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416, at *13 (D. Del. Jul. 2, 2013). Statistically, it is more likely than not that the IPRs will be instituted.[4] Substantively, Defendants' IPR is likely to be granted because it makes clear that the supposedly

---

[3] CRFD's opposition does not allege that CRFD might assert any of the unchallenged 13 claims of the '233 patent against Defendants. As noted in their Opening Brief, Defendants do not believe CRFD could do so without violating Rule 11 of the Federal Rules of Civil Procedure.

[4] From the date IPRs first became available under the AIA through Dec. 18, 2014, the PTO has instituted 77.6% of IPRs. *See* USPTO America Invents Act Progress Statistics, p. 3, *available at* http://www.uspto.gov/ip/boards/bpai/stats/121814_aia_stat_graph.pdf (last visited Jan. 5, 2015).

novel aspect of the session transfer systems and methods claimed in the '233 patent was well known prior to the filing of the application which led to the '233 patent, and was disclosed in references that were not considered by the PTO during examination. For example, U.S. Patent No. 6,963,901 discloses each and every element of asserted claims 1 and 23, including the only allegedly novel aspect of the claims: "transmitting a session history of said first device from said first device to a session transfer module after said session is discontinued on said first device." *See* Petition for *Inter Partes* Review of U.S. Patent No. 7,191,233, Case No. IPR2015-00259, at 8-25; *see also Canatelo LLC v. AXIS Comm'ns AB*, No. 13-1227-GMS, 2014 U.S. Dist. LEXIS 161801, at *4-5 n.3 (D. Del. May 14, 2014) (granting stay pre-institution where "defendants present[ed] new prior art that they allege discloses every element of the patents-in-suits' claims and that was not considered during prosecution of the patents-in-suit.").[5]

*Fourth*, CRFD argues that Defendants have not agreed to an appropriate amount of estoppel. This is not the case. During the parties' meet and confer before the filing of this motion, CRFD only requested that Defendants be estopped by their own IPR, in accordance with 35 U.S.C. § 315(e)(2). Defendants agreed. Those amicable discussions broke down, but Defendants committed to and acknowledged this level of estoppel in their Opening Brief anyway. (D.I. 26 at 7). Now, for the first time, CRFD has changed its definition of the

---

[5] As detailed in Defendants' IPR, as well as the third-party IPRs, multiple references anticipate and/or render obvious the challenged claims. *See* Petitions for *Inter Partes* Review of U.S. Patent No. 7,191,233, Case Nos. IPR2015-00259, IPR2015-00055, and IPR2015-00157. In the unlikely event that the PTO declines to institute any of the three IPRs, a stay will be of limited duration and the case will continue in a matter of months. *See SunPower Corp. v. PanelClaw, Inc.*, No. 12-1633-GMS, D.I. 43, slip op. at 3 (D. Del. May 16, 2014); *Cirrex Sys. LLC v. Verizon Servs. Corp.*, No. 13-921-GMS, D.I. 96, slip op. at 2 n.1 (D. Del. Oct. 1, 2014); *Quest*, No. 14-561-GMS, D.I. 30, slip op. at 1 n.1, 3 n.2 (staying discovery until resolution of motion to stay). However, as explained below, if these cases are not stayed and the PTO subsequently institutes any of the IPRs, the parties and Court will have devoted significant and unnecessary resources to these actions in the meantime.

appropriate breadth of estoppel. Under these circumstances, Defendants agree to be estopped by the third-party IPRs consistent with this Court's decision in *Bonutti*, No. 12-1107-GMS, 2014 U.S. Dist. LEXIS 47430, at *21-22 (quoting D.I. 42-1 at 3-4 in No. 12-1109):

> [E]ach Defendant shall be estopped... from challenging the validity of such claim, to the extent such claim is asserted in such action, as being (a) anticipated under 35 U.S.C. § 102 on the basis of any prior art reference specifically asserted... and specifically used by the PTAB in a finding of anticipation as to such claim, or (b) obvious under 35 U.S.C. § 103 on the basis of (i) any prior art reference specifically asserted... to alone render such claim obvious and specifically used by the PTAB in a finding of obviousness as to such claim in view of such reference alone, or (ii) a combination of two or more prior art references specifically asserted... to render such claim obvious in combination and specifically used by the PTAB in a finding of obviousness....

*Id.* (ellipses in original). Accordingly, CRFD's estoppel argument is moot.[6]

*Fifth*, CRFD argues that the ability of an IPR to simplify the issues here is limited, because an IPR proceeding cannot address all defenses raised by Defendants. The Court has repeatedly rejected this argument. *SunPower Corp. v. PanelClaw, Inc.*, No. 12-1633-GMS, D.I. 43, slip op. at 4-5 (D. Del. May 16, 2014) (rejecting argument that "a stay is disfavored here because 'the scope of the issues in the litigation substantially exceed the scope of the USPTO review'" and noting "the issues raised by the IPR petitions need not be identical to those in the litigation in order for a stay to be granted"); *AIP Acquisition LLC v. Level 3 Comm'ns, LLC*, No.

---

[6] In the time since the filing of the Opening Brief, Defendants understand that third-party defendant DISH's position has not changed. DISH expects to decide whether it will join this motion and live with the estoppel that comes with it on January 12, 2015, one week from now. Regardless of DISH's decision, the Court may stay the DISH action based on its "inherent power to conserve judicial resources by controlling its own docket." *Bonutti*, No. 12-1107-GMS, 2014 U.S. Dist. LEXIS 47430, at *7. The pending IPRs attack the two claims currently asserted against DISH. As such, staying the DISH action pending the outcome of the IPRs will have many of the same benefits as staying Defendants' cases, including reducing the number of claims that can be asserted against DISH in this Court, if not extinguishing DISH's case altogether. *See Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, No. 12-1461-LPS, 2014 U.S. Dist. LEXIS 61555, at *2, *7 (D. Del. Jan. 15, 2014) (granting stay pre-institution of IPR without requiring non-joining defendants to agree to be estopped).

12-617-GMS, D.I. 63, slip op. at 4-5 n.4 (D. Del. Jan. 9, 2014) (rejecting argument that a stay was not warranted because IPR cannot resolve all issues regarding the patent-in-suit, including infringement, damages, equitable defenses, and non-art claims of invalidity); *Bonutti*, No. 12-1107-GMS, 2014 U.S. Dist. LEXIS 47430, at *20-21. The IPRs have the potential to *completely* resolve these cases, and regardless of their outcome, a stay will benefit the Court and the parties in some way. (D.I. 26 at 5-6).

*Sixth*, CRFD contends that these cases will not be simplified if any asserted claims survive the IPRs, because different claim construction standards are used in IPRs and in a district court. The Court has also repeatedly rejected this argument. For example, in *Quest*, the Court stated:

> The court does not dispute [plaintiff's] position regarding the various claim construction standards. In spite of this fact, the court finds that simplification of the issues is still likely if the underlying Petition is granted. Further, the differing standards do not limit the court's consideration of the PTAB's determination and relevant intrinsic evidence. The Court agrees with the defendants and finds that the first factor weights in favor of a stay.

No. 14-561-GMS, D.I. 30, slip op. at 2 n.2; *see also Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer.").

Accordingly, it is clear that a stay will simplify the issues here, and that the first prong of the stay analysis counsels in favor of a stay.

## III.    FACTOR 2: A STAY WILL NOT RESULT IN UNDUE PREJUDICE TO CRFD

CRFD has not shown that it will be unduly prejudiced by a stay. CRFD bases its assertions of prejudice on three primary theories, all of which are misplaced.

*First*, CRFD argues that Defendants are "gaming the system" because they filed their IPR "nearly ten months" after being served with CRFD's complaints (the IPR was actually filed nine

months and two days after the complaints were served), and a stay after all this time will give Defendants an unfair tactical advantage. (D.I. 30 at 12-13). Unfortunately for CRFD, delay due to a stay "does not, by itself, establish *undue* prejudice." *Market-Alerts Pty. Ltd.v. Bloomberg Fin. L.P.*, 922 F. Supp. 486, 494 (D. Del. 2013) (emphasis in original) (granting stay prior to institution of CBM); *Cirrex Sys. LLC v. Verizon Servs. Corp.*, No. 13-921-GMS, D.I. 96, slip op. at 1-2 n.1 (D. Del. Oct. 1, 2014) (finding undue prejudice factor neutral and granting stay where IPR was filed a year after service of the complaint and the case "was not in its infancy"). Furthermore, it can hardly be seen as gamesmanship to file an IPR almost three months before the one-year statutory deadline to do so.[7] Congress provided a year to file IPR petitions because when companies are sued over patents with multiple claims, it is "difficult to determine in the first few months of the litigation which claims will be relevant and how those claims are alleged to read on the defendant's products." 157 Cong. Rec. S5402-02, at *S5439 (daily ed. Sept. 8, 2011).

To prop up this flawed argument, CRFD makes the equally strained argument that staying these cases in favor of an IPR will deprive CRFD of its choice of forum. (D.I. 30 at 13-14). Under CRFD's theory, a stay would never be granted pending the outcome of an IPR, because the plaintiff would always be deprived of its choice of forum.[8] Of course, CRFD is not actually being deprived of its choice of forum. To the extent the claims are not invalidated by

---

[7] This Court has found that, as is the case here, "the absence of any events or rulings in the instant action that could be potentially harmful to the Defendants' position suggests that Defendants' stay request is not an inappropriate litigation tactic." *Bonutti*, No. 12-1107-GMS, 2014 U.S. Dist. LEXIS 47430 at *13.

[8] CRFD cites the Supreme Court case of *Holmes Group v. Vornado, Air Circ. Sys.*, 525 U.S. 826 (2002) and two cases from this District that rely on *Holmes*, but *Holmes* is trumped by the AIA. *See* Joe Matal, *A Guide to the Legislative History of the America Invents Act: Part II of II*, 21 Fed. Cir. B.J. 539, 539 (2012) (citing H.R. Rep. 112-98, at 81 (2011)) (Section 19(a)-(c) of the America Invents Act amended 28 U.S.C. §§ 1295(a)(1), 1338(a) and 1454 to enact the "*Holmes Group* fix"); *see also Serby v. First Alert, Inc.*, 934 F. Supp. 2d 506, 512 n.2 (E.D.N.Y. 2013).

the IPRs, CRFD's infringement claims will still be heard in this Court, when the cases have been simplified and everyone involved has the benefit of any IPR proceedings that may occur.

*Second*, CRFD argues that it will be prejudiced because a stay will hamper its ability to license its patent, citing to *Walker Digital, LLC v. Google, Inc.*, No. 11-318-LPS, 2014 U.S. Dist. LEXIS 85539 (D. Del. Jun. 24, 2014). (D.I. 30 at 14). Defendants are not depriving CFRD of any licensing ability. Nothing will prevent CRFD from attempting to license the '233 patent to other parties while a stay is in place. Furthermore, *Walker Digital* is distinguishable for an important reason that CRFD itself highlights. Walker Digital's patent was set to expire two years after the stay would have been put into place, leaving Walker Digital almost no time to license the patent if the patent survived CBM review. (D.I. 30 at 14). In contrast, the '233 patent will not expire until September 2021—over six and a half years from now—if it is not invalidated before then.[9] Moreover, CRFD's argument that its licensing ability would be impeded by a stay is undermined by its own delay in enforcing the '233 patent. The time to completion of the IPRs will be brief compared to the unexplained seven-year delay between issuance of the '233 patent on March 13, 2007 and the first time it was asserted in litigation, in 2014. *Quest*, No. 14-561-GMS, D.I. 30, slip op. at 3 n.2 (finding undue prejudice factor neutral where non-practicing entity delayed seven years before filing suit).

*Third*, CRFD slightly modifies its prejudice-by-delay argument by asserting that a stay will result in an impermissible lengthy delay because the IPRs are in their infancy. (D.I. 30 at 15). As discussed above, delay caused by a stay cannot, by itself, create undue prejudice. CRFD

---

[9] *Walker Digital* is distinguishable for other reasons as well. First, the case was pending for more than three years and in its very late stages when the stay was requested. Discovery was complete. A claim construction order had been issued. There had been several discovery dispute teleconferences. All case-dispositive and *Daubert* motions were briefed, and the case would be ready for trial in six months from when the stay motion was decided. *Walker Digital*, No. 11-318-LPS, 2014 U.S. Dist. LEXIS 85539 at *3-4.

ignores that the Court has often confronted this argument in the face of newly-filed IPRs, and found that stays were warranted. It is well settled that "the mere possibility for delay does not in itself establish undue prejudice." *SunPower*, No. 12-1633-GMS, D.I. 43, slip op. at 2; *Cirrex*, No. 13-921-GMS, D.I. 96, slip op. at 2 n.1; *Neste Oil*, No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416 at *4; *Quest*, No. 14-561-GMS, D.I. 30, slip op. at 2 n.2.

### IV.  FACTOR 3: THE EARLY STAGE OF THE LITIGATION FAVORS A STAY

CRFD asserts that granting a stay here will "be unduly harmful to the efficient management of these cases." (D.I. 30 at 10). CRFD's argument has two components, both of which fall flat.

*First*, CRFD takes the inconsistent position that the cases are too far along for a stay to make sense, yet stagnant enough that a stay will not require the parties or the Court to expend significant resources until after the PTO decides whether the IPRs will be instituted. On one hand, CRFD asserts that the parties have already expended significant effort on these cases, and all of that work counsels against disrupting the case schedule. On the other, CRFD claims that minimal resources will need to be expended by the Court and the parties prior to the PTO's deadline for deciding to institute one or more of the IPRs, about five months from now.

Each assertion is false. The parties have not expended any more effort or engaged in any activities beyond those that are typical during the very early stages of a lawsuit. Significantly, however, if these cases are not stayed, Defendants *will* be forced to expend significant resources on the cases in the next few months. CRFD neglects to mention that it has served 71 document requests and 15 interrogatories on each Defendant which must be answered by the end of January. Defendants will also be required to prepare and serve invalidity contentions by February 20, 2015. Looking further ahead, the parties will have to engage in other discovery and

prepare for claim construction. This can hardly be seen as insignificant.

*Second*, CRFD brazenly argues that this Court should allow the cases to continue because eight defendants have settled, and allowing the open cases to proceed as scheduled "leaves open the possibility for final resolution of the remaining cases in a much shorter time frame." (D.I. 30 at 11). CRFD is essentially asking the Court to take part in unnecessarily driving up Defendants' litigation costs in the hope of forcing Defendants to settle. IPRs were created to prevent a plaintiff from doing exactly this. 77 Fed. Reg. 48680-01, at *48680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100, *et seq.*) (IPRs and other America Invents Act procedures meant to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs").

Perhaps most importantly, CRFD ignores that this Court looks to two facts when determining whether the stage of the litigation is early enough to clearly support a stay: (1) whether discovery is complete and (2) whether a trial date has been set. *SunPower*, No. 12-1633-GMS, D.I. 43, slip op. at 5; *Cirrex*, No. 13-921-GMS, D.I. 96, slip op. at 1-2 n.1. *There is no dispute that discovery is not complete and that no trial date has been set here.*[10] Therefore, this factor favors a stay.

## V. CONCLUSION

Because all of the relevant factors favor a stay here, Defendants respectfully request that the Court stay these cases pending the outcome of the pending IPRs.

---

[10] The single case cited by CRFD, *McRo, Inc. v. Bethesda Softworks LLC*, No. 12-1509-LPS, 2014 U.S. Dist. LEXIS 60313 (D. Del. May 1, 2014), is readily distinguishable. In *McRo*, unlike here, a trial date was set. *Id.* at *5. There were parallel proceedings in California that had not been stayed. *Id.* at *11-12. The court also noted that "there are still cases where a decision to stay can be appropriately issued even prior to the PTO's decision on whether a petition for IPR will be granted--especially where the other stay-related factors mitigate strongly in favor of a stay." *Id.* at *13 n.3 (citing *Neste Oil*, No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416; *Princeton Digital*, No. 12-1461-LPS, 2014 U.S. Dist. LEXIS 61555). This is such a case.

        ASHBY & GEDDES

        /s/ *Andrew C. Mayo*

        _____
        Steven J. Balick (#2114)
        Lauren E. Maguire (#4261)
        Andrew C. Mayo (#5207)
        500 Delaware Avenue, 8th Floor
        P.O. Box 1150
        Wilmington, DE  19899
        (302) 654-1888
        sbalick@ashby-geddes.com
        lmaguire@ashby-geddes.com
        amayo@ashby-geddes.com

        *Attorneys for Defendants Hulu, LLC,*
        *Netflix, Inc., and Spotify USA Inc.*

*Of Counsel:*

Michael J. Zinna
David G. Lindenbaum
Patrick R. Colsher
WARD & ZINNA, LLC
382 Springfield Avenue
Summit, NJ  07901
(908) 277-3333

Dated:  January 5, 2015