IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRFD RESEARCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-064-GMS |
| | ) | |
| DISH NETWORK CORPORATION, | ) | |
| DISH DBS CORPORATION, | ) | |
| DISH NETWORK L.L.C., | ) | |
| ECHOSTAR CORPORATION and | ) | |
| ECHOSTAR TECHNOLOGIES L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CRFD RESEARCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-313-GMS |
| | ) | |
| HULU, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CRFD RESEARCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-314-GMS |
| | ) | |
| NETFLIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

|  |  |
|---|---|
| CRFD RESEARCH, INC.,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>SPOTIFY USA INC.,  )<br>  )<br>    Defendant.  )<br>  ) | Civil Action No. 14-315-GMS |

## ORDER

WHEREAS, on January 17, 2014, the plaintiff CRFD Research, Inc. ("CRFD") filed a patent infringement lawsuit against defendants Dish Network Corporation, Dish DBS Corporation, Dish Network L.L.C., Echostar Corporation, and Echostar Technologies L.L.C. (collectively, "Dish Network"). (C.A. 14-064-GMS.) On March 7, 2014, CRFD also filed separate patent infringement lawsuits against defendants Hulu, LLC ("Hulu") (C.A. 14-313-GMS), Netflix, Inc. ("Netflix") (C.A. 14-314-GMS), and Spotify USA Inc. ("Spotify"). (C.A. 14-315-GMS.) CRFD alleges that each of the above-captioned defendants infringe U.S. Patent No. 7,191,233 ("the '233 Patent");

WHEREAS, on November 12, 2014, defendants Hulu, Netflix, and Spotify filed a petition for *inter partes* review ("IPR") of the '233 Patent with the Patent Trial and Appeal Board ("PTAB"). On December 3, 2014, Hulu, Netflix, and Spotify filed a joint motion to stay judicial proceedings pending IPR ("Joint Motion to Stay") (C.A. 14-313-GMS, D.I. 25);[1]

---

[1] For convenience, references to common items will only use the docket numbering system for C.A. 14-313-GMS.

WHEREAS, on January 26, 2015, Dish Network filed a separate petition for IPR. Thereafter, on February 2, 2015, Dish Network filed a motion to join the other defendants' Joint Motion to Stay (C.A. 14-064-GMS, D.I. 39);

WHEREAS, "each defendant has now filed an IPR challenging every claim CRFD has asserted against that defendant. As a result, all four defendants are now subject to the statutory estoppel provision set forth in 35 U.S.C. § 315" (C.A. 14-313-GMS, D.I. 37);

WHEREAS, the court having considered the motion to stay, the parties' positions as set forth in their papers, as well as the applicable law;

IT IS HEREBY ORDERED THAT:

1. Dish Network's motion to join the Joint Motion to Stay (C.A. 14-064-GMS, D.I. 39) is GRANTED;[2]

2. The Joint Motion to Stay (C.A. 14-313-GMS, D.I. 25; C.A. 14-314-GMS, D.I. 24; C.A. 14-315-GMS, D.I. 26) is GRANTED;[3]

---

[2] CRFD did not oppose Dish Network's motion to join the existing stay motion.

[3] The decision to stay an action lies within the sound discretion of the trial court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); *Cost Bros. Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012). In the patent litigation arena, this power includes "the authority to order a stay pending conclusion of a PTO [review]." *Ethicon*, 849 F.2d at 1426–27. Central to the rationale providing for such discretion is that of the "court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros. Inc.*, 760 F.2d at 60-61 (citation omitted); *see also Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

The following factors govern the court's stay analysis:
> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Bos. Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 788 (D. Del. 2011); *see also First Am. Title Ins.*, 2012 WL 769601, at *4. The court is persuaded that these factors weigh in favor of staying proceedings. First, although CRFD would undoubtedly prefer a quicker resolution to a slower one, there is no suggestion that time is particularly important, or that any prejudice suffered would be *undue*. *See Neste Oil*, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) ("The mere potential for delay . . . is insufficient to establish *undue* prejudice.").

Second, should the PTAB institute review and invalidate some or all of the asserted claims, the issues for trial would be greatly simplified. And the defendants will be estopped from rearguing issues raised during IPR. *See* 35 U.S.C. §315(e). What the PTAB will ultimately do is obviously a matter of speculation, but that does not mean the court is obligated to assume that review will not be instituted or that claims will survive. At worst, if the PTAB denies review, the parties will only endure a brief delay.

2

3. The above-captioned cases (C.A. 14-064-GMS; C.A. 14-313-GMS; C.A. 14-314-GMS; C.A. 14-315-GMS) are STAYED, pending resolution of the IPR of the '233 Patent;

4. The parties shall timely notify the court of any updates on the pending IPR petitions.

Dated: June 3, 2015

_____
UNITED STATES DISTRICT JUDGE

---

Finally, the court recognizes that these cases have been proceeding according to the stipulated schedule. But discovery will not be complete for several more months, and, as reflected in the scheduling order, the court specifically declined to assign a trial date when the parties convened for the Rule 16 scheduling conference. (C.A. 14-313-GMS, D.I. 18.) Thus, in the court's view, a stay of proceedings at this time is warranted, before significant effort is expended on claim construction.